UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BROWN #485623,

        Plaintiff(s),        CASE NUMBER: 07-11804
                                        HONORABLE VICTORIA A. ROBERTS

v.

PATRICIA CARUSO *et al.*,

        Defendant(s).
_____/

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

This matter is before the Court on Plaintiff James Brown's ("Plaintiff") "Motion for Appointment of Counsel." (Docs. #6 and #7). Plaintiff, a *pro se* inmate, asks the Court to appoint counsel pursuant to 28 U.S.C. §1915(e)(1) because: (1) he is unable to afford retained counsel; (2) his case involves complex facts and legal issues; (3) he has limited access to the law library in the Michigan Department of Corrections ("MDOC"); (4) he has limited knowledge of the law; (5) he cannot investigate his case; (6) there will be conflicting testimony; (7) his claim is meritorious; (8) the MDOC staff opens his legal mail outside his presence; and (9) justice would be best served. Plaintiff asserts harassment, discrimination, and retaliation claims against Defendants. He also requests that a "retaliatory ticket" be removed from his prison file and that Defendants' assets be frozen pending the outcome of this proceeding.

The Court may, but is not obligated to, appoint counsel for indigent inmates in civil actions. *See* 28 U.S.C. §1915(e)(1) ("[t]he court *may request* an attorney to represent any person unable to afford counsel") (emphasis added); *see also Reneer v.*

1

*Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) ("The appointment of counsel to civil litigants is a decision left to the sound discretion of the district court[.]"). Such appointments are only justified in exceptional cases. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (citing *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982)).

Whether Plaintiff's case is "exceptional" depends on the type of case and his ability to represent himself based on the complexity of the factual and legal issues involved. *Keohane*, 992 F.2d at 606 (citations omitted). The appointment of counsel in a civil case is not a constitutional right, and Plaintiff's claims are not so factually and legally complex that he cannot effectively represent himself. Consequently, there is no basis for an appointment of counsel.

Plaintiff's motion for appointment of counsel is **DENIED**.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 3, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and Plaintiff James Brown by electronic means or U.S. Mail on January 3, 2008.

s/Linda Vertriest
Deputy Clerk