UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BROWN #485623

    Plaintiff,

vs                                                Case No: 07-11804
                                                    Honorable Victoria A. Roberts

PATRICIA CARUSO, et al,

    Defendants.
_____/

## OPINION AND ORDER

**I. INTRODUCTION**

This matter is before the Court on Defendants Scott Wood, Ken Richardson, Jason Wagus, Troy Groesbeck, Walt Sweigert and Thomas Polzien's (collectively "Defendants") "Motion for Summary Judgment." (Doc. #28). Defendant Patricia Caruso was dismissed on April 17, 2007.

For the following reasons, Defendants' motion is **GRANTED**.

**II. BACKGROUND**

Plaintiff James Brown ("Plaintiff"), *in pro per*, filed a Complaint against Defendants under 42 U.S.C. §1983. He alleges harassment, retaliation, discrimination, and psychological stress. Plaintiff asks the Court to remove a major misconduct ticket from his file, freeze Defendants' assets pending this outcome, and award him compensatory and punitive damages.

Plaintiff is now represented by counsel.

1

## III. STANDARD OF REVIEW

Fed. R. Civ. P. 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In reviewing a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

The movant has the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the nonmoving party must, by affidavit or otherwise as provided by Rule 56, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. If the nonmoving party does not respond with specific facts showing a genuine issue for trial, summary judgment is appropriate. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

## IV. APPLICABLE LAW AND ANALYSIS

### A. Harassment

"To state a cause of action under [42 U.S.C. §1983], a plaintiff must allege the deprivation of a right secured by the United States Constitution or a federal statute by a person who was acting under color of state law." *Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978)).

Plaintiff says Defendants harassed him by making inappropriate comments about his sexuality and criminal sexual conduct conviction. The Court presumes Plaintiff is asserting a violation of the Eighth Amendment, which prohibits the Government from inflicting "cruel and unusual punishments."

"Allegations of verbal harassment . . . by prison officials toward an inmate do not constitute punishment within the Eighth Amendment. Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Johnson v. Moore*, 7 Fed.Appx. 382, 384 (6th Cir. March 20, 2001) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)) (internal citation omitted).

Plaintiff fails to state a constitutional claim based on harassment.

### B. Retaliation

Plaintiff filed grievances against Defendants and Corrections Officers S. Wood, K. Richardson, J. Wagus, and T. Groesbeck for harassment. He says Wood, Richardson, Wagus, and Groesbeck further harassed him for filing such grievances. Plaintiff also says Wood threatened to write him a misconduct ticket. Wood did write Plaintiff a major misconduct ticket for not having his Michigan Department of

3

Corrections ("MDOC") identification card. Plaintiff says the ticket was issued in retaliation for filing grievances.

To succeed on a retaliation claim, Plaintiff must show: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by his protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (citations omitted).

Plaintiff can meet the first element. "An inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf." *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) (citing *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996)).

Plaintiff can meet the second element. After a hearing, Plaintiff was convicted of the major misconduct charge. "Because inmates convicted of major-misconduct charges lose their ability to accumulate disciplinary credits for that month, inmates of ordinary firmness would be more reluctant to engage in protected conduct that may lead to the retaliatory issuance of misconduct tickets." *Thomas v. Eby*, 481 F.3d 434, 441 (6th Cir. 2007).

As to the third element, Plaintiff presents sufficient evidence to conclude there was a causal connection between his protected conduct and the adverse action. Plaintiff filed a grievance for harassment on December 14, 2004. On December 16th, another grievance was filed stating Groesbeck questioned Plaintiff about grievances filed against Richardson. On December 17th, Plaintiff filed another grievance stating Wood questioned him about the grievances and reminded him of his ability to write all

4

kinds of "tickets major or minor for all kinds of stuff."  Wood issued Plaintiff a major misconduct ticket on December 17, 2004.

While temporal proximity between Plaintiff filing his grievances and the issuance of the misconduct ticket is not alone sufficient to meet Plaintiff's burden to show the filing of grievances was a motivating factor for the ticket, it provides some circumstantial support.  *See Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001).  Further support is found in Plaintiff's representation that he did indeed have his MDOC identification when he got the ticket.  Plaintiff also submitted witness statements from other inmates indicating Plaintiff was questioned about his grievances and stating Plaintiff had his identification when the ticket was issued.

A number of cases hold that Defendant can satisfy its burden and prevail on a summary judgment motion by proving the misconduct charge was resolved against the Plaintiff.  *See Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994) (holding that a prison disciplinary committee's finding of an actual violation of prison rules "essentially checkmates his retaliation claim"); *see also e.g., Jackson v. Madery*, 158 Fed.Appx. 656, 662 (6th Cir. Nov. 17, 2005); *Ruiz v. Bouchard*, 60 Fed.Appx. 572, 574 (6th Cir. March 19, 2003); *Clemons v. Cook*, 52 Fed.Appx. 762, 763 (6th Cir. Dec. 11, 2002); *McKinley v. Bowlen*, 8 Fed.Appx. 488, 492-93 (6th Cir. May 1, 2001).

Since a proven infraction exists here, Defendants satisfied their burden; no genuine issue of material fact exists regarding Plaintiff's retaliation claim.

### C. Discrimination

The Equal Protection Clause of the Fourteenth Amendment says, "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." "[It] protects against arbitrary classifications, and requires that similarly situated persons be treated equally." *Richland Bookmart, Inc. v. Nichols*, 278 F.3d 570, 574 (6th Cir. 2002) (citations omitted).

Plaintiff does not set forth specific facts to show how he was treated differently than similarly situated persons. No genuine issue of material fact exists regarding his discrimination claim.

### D. Psychological Stress

Plaintiff asserts a claim for psychological stress. However, "[n]o Federal Civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. §1997e(e).

No genuine issue of material fact exists regarding his psychological stress claim.

### V. CONCLUSION

Defendants' motion is **GRANTED**.

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: February 29, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 29, 2008.

s/Carol A. Pinegar
Deputy Clerk